IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

```
JOSEPH D. BROWN, JR. and
NADINE BROWN,                 )
                              )
      Plaintiffs,             )
                              )  CIVIL ACTION NO.
   v.                         )  2:11-cv-279-MHT
                              )       (WO)
OCWEN LOAN SERVICING, LLC,    )
                              
      Defendant.
```

## OPINION AND ORDER

Plaintiffs Joseph D. Brown, Jr. and Nadine Brown brought this lawsuit in state court seeking damages arising out of past-due payment notices sent and late fees charged by defendant Ocwen Loan Servicing, LLC. Ocwen removed the lawsuit under 28 U.S.C. §§ 1332, 1441, & 1446 (diversity). The Browns now move for remand to state court because Ocwen has failed to demonstrate that the $ 75,000 amount in controversy required for diversity jurisdiction has been met in this case. For the reasons that follow, the Browns' remand motion will be granted.

I.

For purposes of removal pursuant to diversity-of-citizenship jurisdiction, where damages have not been specified by the plaintiff, a removing defendant has the burden of proving by a preponderance of the evidence that the $ 75,000 amount-in-controversy requirement is met. Leonard v. Enterprise Rent-a-Car, 279 F.3d 967, 972 (11th Cir. 2002). The court may not "speculate in an attempt to make up for the notice's failings." Lowery v. Alabama Power Co., 483 F.3d 1184, 1211 n. 63 (11th Cir. 2007).

Finally, "[r]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are to be resolved in favor of remand." Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

II.

Facing default, the Browns entered into a foreclosure prevention and repayment agreement with Ocwen in December 2009. The agreement included a down payment and new

terms for payments due the first of the month from January through May 2010, after which time the Browns would resume regular mortgage payments as established by the original terms of the mortgage loan.

In late December 2009, prior to the first due date under the new agreement, the Browns received a past-due notice. Later, in May 2010, the Browns received a past-due notice for a payment that had already been made. According to the Browns, Ocwen consistently sent the Browns notices of past-due payments and charged late fees for payments that were made in full and in a timely manner.

The Browns filed suit against Ocwen in an Alabama state court, alleging negligence and wantonness regarding the servicing of their loan. Before their claims could be heard, Ocwen removed the case to federal court.

The Browns do not seek forgiveness of their loan, nor an injunction against foreclosure. Instead, they argue that Ocwen negligently charged mortgage servicing fees

and sent late payment notices not warranted under the revised agreement. They further argue that Ocwen did so wantonly, with reckless indifference to the consequences, in an attempt to create a false delinquency or default for the purpose of generating fee income and foreclosing on the Browns' home. The Browns seek actual and punitive damages for injuries sustained, including loss of access to credit, payment of improper fees, and mental anguish and emotional damages related to the servicing of their mortgage.

### III.

The Browns do not specify the damages sought for any of their claims. Ocwen, however, contends that this case belongs in federal court. Ocwen argues that the opposing parties are from different States and that the $ 75,000 amount-in-controversy requirement is met by the value of the home, because "Plaintiffs seek a permanent injunction from foreclosure and because they have put the entire

4

mortgage in dispute in this action." Def's Resp. in Opp. to Remand at 2 (Doc. No. 15); see 28 U.S.C. § 1332. In making this argument, Ocwen focuses on the value of injunctive relief, not the damages stemming from the Browns' tort claims. Ocwen's argument does not persuade the court.

All parties concede that the damages sought by the Browns, although unspecified, would not meet the jurisdictional minimum required for federal court. During oral argument on June 29, 2011, the Browns stipulated to the court that the damages sought are less than the jurisdictional minimum, and Ocwen did not contest this assertion.

Instead, Ocwen predicated its removal action on the value of injunctive relief. In Ocwen's opposition to the motion, it characterized the Browns' request as a "permanent injunction preventing Ocwen foreclosing on the mortgage at any time," placing the mortgage in its entirety in dispute. Def's Resp. in Opp. to Remand at 6

5

(Doc. No. 15).  In the complaint, the Browns appear to be asking for injunctive relief: "The Plaintiffs ... ask of the court ... That the defendant be enjoined from continuing with its foreclosure sale until such time as the material averments of the Plaintiffs' complaint have been heard."  Comp. at 3 (Doc. No. 1-4).  However, in the motion to remand, the Browns stated they seek relief related to the servicing of their loan and could not be seeking injunctive relief because Ocwen is not the owner of the note or mortgage.  Mot. to Remand at 9 (Doc. No. 12).

During oral argument, the Browns stated that their inclusion of a request for injunctive relief in the complaint was a "mistake," and they stipulated to the court they are not seeking injunctive relief.  While this is a fairly significant "mistake," the court may take stipulated facts into account when deciding motions to remand.  See, e.g., Darden v. Ford Consumer Finance Co., Inc., 200 F.3d 753, 755 (11th Cir. 2000) (finding amount

in controversy issue in diversity-jurisdiction case narrowed by plaintiffs' stipulation that each individual class member will neither request nor accept damages in excess of $ 75,000).  More importantly, the evidence is conclusive that an injunction could not lie because Ocwen does not own the mortgage.

Moreover, even if an injunction would lie, Ocwen has not demonstrated by a preponderance of the evidence that the amount in controversy is met.  The Browns requested interim injunctive relief, that is, an injunction until the claims in their complaint regarding notice and fees have been resolved.  From the Browns' perspective, the monetary value of the injunctive relief is not the entire value of the property, as Ocwen alleges; rather, it is the value of a delay in foreclosure.  See Macks v. U.S. Bank National Association, 2010 WL 2976200, at *2 (M.D. Ala. 2010) (Thompson, J.) (holding that amount in controversy is the value of a delay in foreclosure); see also James v. U.S. Bank Nat. Ass'n, 2009 WL 2170045, at

*4-5 (M.D. Ala. 2009) (Thompson, J.) (same).  While delay may be important to the Browns, it is worth much less than the $ 106,000 value of the property, and the court cannot simply rely on the value of the mortgage or the property to determine that amount.  See Macks, 2010 WL 2976200, at *2; see also James, 2009 WL 2170045, at *5.

Another way to look at the jurisdictional amount issue might be to ask: If a plaintiff could and were to seek to sell to someone else the claims in his lawsuit, with the assumption that there is a reasonable certainty the plaintiff would prevail on his viable claims, could the plaintiff in good faith ask for more than $ 75,000 for the claims?  Here, in this case, the answer is decidedly no.  And, if the question were modified to ask if a reasonable buyer would be willing to pay more than $ 75,000, the answer would be the same.

Therefore, Ocwen has failed to present any evidence that clearly establishes that the amount in controversy

in this case exceeds the jurisdictional threshold of $ 75,000.

***

Accordingly, it is the ORDER, JUDGMENT and DECREE of the court that plaintiffs Joseph D. Brown, Jr. and Nadine Brown's motion to remand (Doc. No. 12) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama for want of jurisdiction.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 6th day of July, 2011.

    /s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE